IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:23cr183-MHT
                            )           (WO)
JAMARCUS DEWAYNE HATCHER    )
```

ORDER

This cause is before the court on defendant Jamarcus Dewayne Hatcher's motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for October 16, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

> which such charge is pending, whichever date
> last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hatcher in a speedy trial.

Hatcher faces a 13-count indictment charging him with commission of six different Hobbs Act robberies in violation of 18 U.S.C. § 1951(a); brandishing and/or discharging a firearm during the commission of each of those robberies in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Hatcher represents that, if convicted on the brandishing counts alone, he faces an aggregate consecutive sentence of not less than 48 years, and that his counsel and the government are negotiating a plea agreement but need substantially more time due to the complexity of the case and the statutory penalties involved.  A continuance is warranted to enable Hatcher sufficient time to attempt to resolve the case short of trial.

                              ***

     Accordingly, it is ORDERED as follows:

     (1) The motion to continue trial (Doc. 16) is granted.

(2) The jury selection and trial, now set for October 16, 2023, are reset for February 5, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 26th day of September, 2023.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

**4**